**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v.                                    CRIMINAL  ACTION  NO. 3:11-00011

DAVID MICHAEL PERSONS

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant's Motion for a New Trial.  ECF No. 179.  For the following reasons, the Motion is **DENIED**.

**I.        Background**

Defendant David Michael Persons was charged in a six-count superseding indictment with three counts of drug distribution, one count of possession with intent to distribute, and two counts of firearms violations.  ECF No. 55.  Following a jury trial, he was convicted of five counts of the indictment and acquitted of the sixth.  ECF No. 174.  Defendant now moves for a new trial, arguing that: 1) trial evidence demonstrated that he may not have received *Miranda* warnings before giving a statement to state troopers; and 2) trial testimony by a state trooper about the presence of a red truck at Defendant's residence was "false and highly prejudicial." ECF No. 179.

The Federal Rules of Criminal Procedure provide that upon a defendant's motion, the Court may "vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33.  The Court finds no reason to grant a new trial in this case.

## II.      Testimony Regarding Time of Miranda Warnings

First Sergeant David Lucas, who was involved in Defendant's arrest, testified for the government at trial and at a November 21, 2011 pretrial motions hearing.  At the November 2011 hearing, Lucas testified that he informed the defendant of his *Miranda* rights "within a few minutes" of arriving at the state police detachment following defendant's arrest on April 20, 2010.   At trial, Defendant produced evidence that the waiver form on which Defendant acknowledged being informed of his *Miranda* rights was time-stamped for 9:56 pm.  Defendant was arrested at around 8:45 pm.  He argues that even allowing for transit time and processing, it is likely that he arrived at the state police detachment between 9:00 and 9:15 pm.  By this timeline, Defendant argues, Lucas' statement that Defendant was mirandized within "a few minutes" of Defendant's arrival at the detachment must be false, Defendant's statements to state troopers must have been made before he received *Miranda* warnings, and the statements are, therefore, inadmissible.  These allegations do not warrant a new trial, for two reasons.

First, Lucas' November 2011 testimony is only minimally inconsistent with the time stamp on the waiver form.  Even by Defendant's calculation, the total time that could have elapsed between his arrest at 8:45 pm and the time stamp at 9:56 pm is slightly more than one hour.  The length of time involved in Defendant's transportation and processing is not clearly established, nor is it clear whether the waiver form was stamped immediately after it was signed. Without a more specific timeline of Defendant's arrest, processing, and interview, Lucas' statement that Defendant was interviewed "within a few minutes" is not necessarily inconsistent with evidence that Defendant signed a waiver form within 72 minutes of his arrest.

Second, this Court previously considered a motion by Defendant to exclude the statements he made at the state police detachment after his arrest.  ECF No. 63.  Following

briefing and argument on this issue, the Court concluded that Defendant's statement was voluntary, and thus admissible. ECF No. 96. The time stamp on the waiver form does not persuade this Court to revisit its previous ruling on the voluntariness of Defendant's statements, and does not require a new trial.

### III. Testimony Regarding a Red Truck

Defendant was arrested on April 20, 2010, when West Virginia state police troopers served a search warrant on his residence in Mason County, West Virginia. As part of the affidavit supporting that search warrant, First Sergeant Lucas stated that on March 10, 2010, he observed the Defendant standing outside his residence, then observed a vehicle bearing a Wisconsin registration outside the residence. When confidential informants arrived at Defendant's residence later that same day, Defendant told them he had no heroin to sell because he had sold it to an individual from Wisconsin.

At trial, Lucas was shown a photograph of a red truck parked in front of Defendant's residence, and testified that he believed the truck was the truck from Wisconsin, but could not be sure. The Court limited Defense Counsel's cross-examination about the truck, as Lucas had clearly indicated that he was not sure whether the truck in the photograph was the same one he had seen in front of Defendant's residence in March 2010.

Defendant now argues that had his counsel been allowed to cross-examine Lucas about the truck, he could have shown that the picture of the truck was taken after Defendant's arrest, and in fact belonged to the residence's next owner. As the jury did not have this information to put the picture of the red truck in context, the picture was highly prejudicial; and Trooper Lucas' uncertain testimony that it might have been the truck from Wisconsin was "false." Additionally, Defendant argues that if the truck was not from Wisconsin, and may not have been at the

residence in March 2010, the probable cause determination underlying the April 2010 search warrant is in doubt.

This, too, is insufficient reason to order a new trial. At trial, the jury was presented with multiple video recordings of Defendant's drug activity, Defendant's live testimony in which he admitted engaging in drug distribution, and Defendant's statement given to the state troopers when he was arrested, admitting to the charged drug activity. The weight of any testimony regarding a truck which may have belonged to an unknown driver from Wisconsin is minimal compared to this evidence. Further, even if the truck's presence or state of registration had any bearing on the case, it was reasonably clear to the jury that Trooper Lucas did not know whether the truck in the picture was from Wisconsin, nor whether it was the truck he mentioned in his affidavit. Therefore, the statement was not, as Defendant claims, "highly prejudicial."

Additionally, Defendant argues that Lucas' uncertainty about whether the truck in the photograph was the same one mentioned in his application for a search warrant in April 2010 undermines the probable cause for the 2010 search warrant. Although Lucas was unsure whether the red truck in the photograph shown at trial was the same one mentioned when applying for the warrant, his inability to conclusively identify a particular truck seen years ago by means of a single photograph is insufficient reason to question the validity of the probable cause determination, and thus the search warrant. Lucas' testimony about a photograph of a red truck does not require a new trial of this case.

**IV.    Conclusion**

The Court **FINDS** that the interest of justice does not require a new trial. Fed. R. Crim. P. 33. The Court therefore **DENIES** Defendant's Motion. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.


ENTER:        September 12, 2012


ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE